IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE MCGEE B39819, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1020 |
| | ) | |
| v. | ) | Honorable Charles P. Kocoras |
| | ) | Judge Presiding |
| JOSEPH BURKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE**
**LIMITED MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AS TO THE ISSUE OF EXHAUSTION UNDER THE PLRA**

NOW COMES the Defendants, JOSEPH BURKE, MARK WILSON, ANTHONY DAVIS, MICHAEL GRANT, JERLIN ALLEN, BRIAN GIVENS, WILLIAM BROWN, MICHAEL BUCZKOWSKI, SANDY THOMPSON, WENDY FOXON and JEFF SAWYER by and through their attorney LISA MADIGAN, Attorney General of the State of Illinois, and moves this Honorable Court for an order granting leave to the Defendants to file a Motion for Summary Judgment limited only to the issue of exhaustion under the Prison Litigation Reform Act of 1995 (PLRA). In support of this motion, Defendants state as follows:

1. Plaintiff, an inmate incarcerated at Hill Correctional Center, has filed a lawsuit pursuant to 42 U.S.C. §1983 alleging that Defendants violated his constitutional rights.

2. Because Plaintiff is a prisoner, the Prisoner Litigation Reform Act requires that Plaintiff establish that he exhausted his administrative remedies by completing the grievance process with respect to the issues he has brought before this Court before he filed the lawsuit. 42 U.S.C. §1997(a). Although courts have held that exhaustion is not jurisdictional, failure to

exhaust deprives the Court of the authority to resolve the claim on its merits. <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 533, 535 (7th Cir. 1999). The PLRA "can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit." <u>Perez</u>, 182 F.3d at 536.

   3. Counsel for Defendants believes that a good faith basis exists for filing a Motion for Summary Judgment as to the issue of Plaintiff's failure to exhaust his administrative remedies under the PLRA.

   4. Defendants also believe that Plaintiff's failure to exhaust his administrative remedies can be established without need for discovery, and they wish to raise the issue at the beginning stages of the litigation. However, they do not want to waive their right to raise this issue after discovery should this Court determine that the case should go forward.

   5. Because failure to exhaust administrative remedies is a bar to suit and determines whether this Court has the authority to hear this case, Defendants believe that an efficient use of the Court's resources and time would be best served by allowing the Defendants to file a motion limited to the exhaustion issue.

   6. Defendants would ask this Court for leave to allow them to file a Motion for Summary Judgment on the sole issue of exhaustion without waiving their right to raise the issue in their dispositive motion at the close of discovery should it be denied here.

   WHEREFORE, the Defendants pray this Honorable Court grants Defendants leave to file a Motion for Summary Judgment limited to the single issue of exhaustion without waiving their right to raise the issue after discovery if necessary by June 27, 2008.

                                        Respectfully submitted,

| | | |
|---|---|---|
| LISA MADIGAN | By: | s/Camile Lindsay |
| Attorney General of Illinois | | CAMILE J. LINDSAY |
| | | Assistant Attorney General |
| | | General Law Bureau |
| | | 100 W. Randolph St., 13th Fl. |
| | | Chicago, Illinois  60601 |
| | | (312) 814-4329 |
| | | Attorney for Defendants |