UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE MCGEE, (B-39819), | ) | |
| | ) | No.  08 C 1020 |
| Plaintiff, | ) | |
| | ) | Hon. Charles P. Kocoras |
| v. | ) | Judge Presiding |
| | ) | |
| JOSEPH BURKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, JOSEPH BURKE, MARK WILSON, ANTHONY DAVIS, MICHAEL GRANT, JERLIN ALLEN, BRIAN GIVENS, WILLIAM BROWN, MICHAEL BUCZKOWSKI, SANDY THOMPSON, WENDY FOXON, and JEFF SAWYER by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and hereby move this Honorable Court to grant them  Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and in support thereof state as follows:

1. Plaintiff, ANTOINE MCGEE, is an inmate in the custody of the Illinois Department of Corrections and is currently incarcerated at Hill Correctional Center.  The alleged violations of his constitutional rights all occurred at Stateville Correctional Center.

2. The Plaintiff brought his action against the Defendants, JOSEPH BURKE, MARK WILSON, ANTHONY DAVIS, MICHAEL GRANT, JERLIN ALLEN, BRIAN GIVENS, WILLIAM BROWN, MICHAEL BUCZKOWSKI, SANDY THOMPSON, WENDY FOXON and JEFF SAWYER alleging that they were deliberately indifferent to his health, safety and medical needs.  He alleges that officers at Stateville Correctional Center set a fire

        in the F house at Stateville and that the smoke from the fire caused him to experience breathing difficulties. Plaintiff alleges that the Defendants failed to provide him with medical treatment for his injuries and that the setting of the fire constituted cruel and unusual punishment in violation of his Eighth Amendment rights.

3. Defendant BURKE was, at the time of the alleged violation, the Deputy Director of the Illinois Department of Corrections.

4. Defendant WILSON was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center.

5. Defendant DAVIS was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center.

6. Defendant GRANT was, at the time of the alleged violation, a Sergeant at Stateville Correctional Center.

7. Defendant ALLEN was, at the time of the alleged violation, a Correctional Officer at Stateville Correctional Center.

8. Defendant GIVENS was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center.

9. Defendant BROWN was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center.

10. Defendant BUCZKOWSKI was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center.

11. Defendant THOMPSON was, at the time of the alleged violation, a Medical Technician at Stateville Correctional Center.

12. Defendant FOXON was, at the time of the alleged violation, a Medical Technician at Stateville Correctional Center.

13. Defendant SAWYER was, at the time of the alleged violation, Lieutenant at Stateville Correctional Center.

14. The issue of the PLRA requirement that inmates exhaust their administrative remedies has been visited several times by courts in this District, the Seventh Circuit Court of Appeals and by the U.S. Supreme Court in *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed. 2d 958, (2001), and *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L. Ed. 2d 12, (2002) and an extensive body of law has been developed.

15. Applying the precedent that controls these undisputed facts, summary judgment is proper in favor of the defendants and against the Plaintiff.

16. The defendants have attached a memorandum of law, with documentation, in support of this motion.

WHEREFORE, based on the foregoing, the Defendants move this Honorable Court to enter summary judgment in their favor and against the Plaintiff.

                        Respectfully submitted,

                        s/Camile Lindsay
                        CAMILE J. LINDSAY
                        Assistant Attorney General
                        General Law Bureau
                        100 W. Randolph Street, 13th Floor
                        Chicago, IL 60601
                        312.814.4329

Case 1:08-cv-01020   Document 38   Filed 06/26/2008   Page 4 of 4