UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTOINE MCGEE, (B-39819), ) | |
| ) | No.  08 C 1020 |
| Plaintiff, ) | |
| ) | Hon. Charles P. Kocoras |
| v. ) | Judge Presiding |
| ) | |
| JOSEPH BURKE, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, JOSEPH BURKE, MARK WILSON, ANTHONY DAVIS, MICHAEL GRANT, JERLIN ALLEN, BRIAN GIVENS, WILLIAM BROWN, MICHAEL BUCZKOWSKI, SANDY THOMPSON, WENDY FOXON, and JEFF SAWYER by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and in further support of their motion for summary judgment, respectfully submits this motion for summary judgment and states as follows:

### I.   INTRODUCTION

The Plaintiff, Antoine McGee (hereinafter "Plaintiff"), filed suit under 42 U.S.C. § 1983 claiming that the Defendants violated  his Eighth Amendment rights by deliberately setting a fire in the cell house at Stateville Correctional Center and failing to provide assistance to the Plaintiff when he complained of breathing difficulties.

The Defendants contend that there is no evidence that Plaintiff exhausted his administrative remedies pursuant to the system established by the Illinois Department of Corrections which is a prerequisite to filing a § 1983 lawsuit alleging violation of constitutional rights.  See *Booth v.*

*Churner*, 532 U.S. 731,(2001), *Porter v. Nussle*, 534 U.S. 516 (2002), *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002), *Pavey v. Conley*, No. 07-1426, 2008 WL 2277494, (C.A. 7 June 5, 2008), and *Jones v. Bock,* 549 U.S. 199 (2007).  Consequently, Defendants must be granted summary judgment.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate and shall be rendered when the pleadings, depositions, answers to interrogatories, together with affidavits, show no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986). Moreover, "[r]ule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and one which that party will bear the burden at trial." *Id.*

The initial burden of the moving party is to establish that there is no question of fact that will be outcome determinative in the case. *Id*. Once the moving party has met this burden, the opposing party must go beyond its pleadings and set forth specific facts that show there is a genuine issue of material fact. *Id.* The opposing party cannot rely on general conclusory allegations, but rather "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Valentine v. Joliet Township High School Dist.*, 802 F.2d 981, 986 (7th Cir. 1986). All inferences from the record must be viewed in a light most favorable to the non-moving party. *Cahorn v. Michael*, 913 F.2d 327, 331 (7th Cir. 1990).  However, the Court is not required to evaluate every conceivable inference that can be drawn from evidentiary matters, only reasonable ones. *Spring v. Sheboygan Area School Dist.*, 865 F.2d 883, 886 (7th Cir. 1989) If the evidence is only colorable,

or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). Once the moving party seeking summary judgment meets its initial responsibility of informing the Court of the basis for its action and identifying the portions of those pleadings and supporting documents which it believes demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to demonstrate a genuine issue of material fact. *Id.*

Moreover, the non-moving party may not defeat a motion for summary judgment by simply resting on its pleadings. *Beard v. Whitley*, 840 F.2d 406,410 (7th Cir. 1988) Rather, Rule 56 (c) requires the non-moving party to go beyond its pleadings and demonstrate the existence of a genuine issue for trial by designating specific facts in its own affidavits, or by depositions, answers to interrogatories and admissions on file. *Celotex*, 477 U.S. at 324. In this case, the Defendants submit that there is no genuine issue of material fact as to the basis of this motion. The Defendants therefore request summary judgment to be entered in their favor and against the Plaintiffs.

### III. ARGUMENT

**PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

Any claims the Plaintiffs have purportedly made against Defendants are without jurisdiction in this forum due to the fact that Plaintiff failed to exhaust their administrative remedies pursuant to 42 U.S.C. §1997(e)(a). On May 29, 2001, the United States Supreme Court issued its decision in *Booth v. Churner*, 121 S.Ct. 1819 (2001). This case stands for the proposition that exhaustion of available administrative remedies is a mandatory requirement prior to the filing of a civil rights action under 42 U.S.C. §1983. On February 26, 2002, the United States Supreme Court decided the case of *Porter v. Nussle*, 122 S.Ct. 983, which held that the Prison Litigation Reform Act's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. The Prison Litigation Reform Act of 1995 forbids an action from being brought by a state prisoner under 42 U.S.C. §1983 "...until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). (Prison Litigation Reform Act at §803).

Pretrial discovery can only commence *after* the Court determines whether the Plaintiff has exhausted. *Pavey v. Conley*, No. 07-1426, 2008 WL 2277494, at * 2 (C.A. 7 June 5, 2008) (emphasis added). Prior to the commencement of discovery, the Court is required to conduct a hearing on exhaustion and only permit discovery related to exhaustion. *Id.* A motion for summary judgement on the issue of exhaustion satisfies the Court's hearing requirement as it provides both sides with an opportunity to provide the Court with what the uncontroverted evidence is with respect to the issue of exhaustion before proceeding to costly discovery on the substantive issues raised in the Plaintiff's complaint. In this case, Plaintiff has not exhausted, therefore this Court may decide 1) that the Plaintiff has unexhausted remedies and therefore can go back and exhaust; 2) Plaintiff's failure to exhaust was innocent and the Plaintiff can go back and exhaust or 3) Plaintiff's failure to exhaust was the Plaintiff's fault and therefore the case must be dismissed. *Id.* Only after this process has occurred can pretrial discovery and possibly a trial on the merits occur. *Id.*

Illinois has a formal administrative grievance procedure. *See* 20 Ill. Adm. Code §504.800 *et seq*. If, within sixty days of an incident, problem or complaint, an inmate is unable to resolve an incident, problem or complaint, he may file a written grievance on a grievance form available in all units of his institution. The grievance is addressed to the Grievance Officer and deposited in a mailbox provided by the institution. Staff is available to aid in the preparation of such grievances, and all

inmates are entitled to take advantage of the grievance procedure.  20 Ill. Adm. Code §504.810.

Prison employees serve as Grievance Officers, unless a given employee is directly related to the subject matter of the grievance.  20 Ill. Adm. Code §504.820.  Grievances are reviewed weekly and findings and recommendations are made in writing by the Grievance Officer to the warden of the facility or his designee.  The inmate is then informed of that decision.  20 Ill. Adm. Code §504.830.  Grievances can go directly to the warden if there is a risk of imminent injury or irreparable harm to the inmate.  20 Ill. Adm. Code §504.840.

Generally, an inmate must first attempt to resolve grievances through his counselor.  If the grieved issue remains unsolved after such informal efforts, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance.  Upon completion of such investigation, the Grievance Officer's conclusions and if appropriate, recommended relief is forwarded to the CAO.  The CAO or CAO's designee's decision is then submitted to the grieving inmate.

If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision.  The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing.  If so, the inmate is so advised.  Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and at the ARB's discretion, calling witnesses.  The ARB submits a written report of its findings and recommendations to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance.  A copy of the ARB's report and

the Director's final decision are sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB files pursuant to Department Rule 504F:, Grievance Procedures for Committed Persons, which provides for no further means for review beyond this step.

Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer. These issues include:

a. Decisions involving the involuntary administration of psychotropic medication;
b. Decisions regarding protective custody placement, including continued placement in or release from protective custody;
c. Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and
d. Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than a counselor or Grievance Officer. If the CAO determines that there is a substantial risk or imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. An inmate may appeal the CAO's decision in such a situation to the ARB. The appeal is then handled in accordance with the procedures described *supra*.

The grievance procedure may not be utilized for complaints regarding decisions which are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director himself.

Unless the prisoner completes the administrative process by following the rules the state has established for the process, exhaustion has not occurred. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002).

Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. There is no evidence that Plaintiff has exhausted pursuant to the requirements of Department Rule 504, and the rulings in *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed. 2d 958, (2001), *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), and *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. April 18, 2002).

Two grievances were found in Plaintiff's file in the offices of the ARB, these grievances pertain to restoration of good time and a transfer to Danville Correctional Center. (See Affidavit of Sherry Benton, attached hereto and incorporated herein as Exhibit A). Further, a search of Plaintiff's inmate master file indicates that Plaintiff did not file any grievances relating to a fire at Stateville or to breathing problems that resulted from the fire. (See Affidavit of Amy Eldert, attached hereto and incorporated herein as Exhibit C).

There is nothing to indicate, after an extensive review of Plaintiff's file at the ARB and his inmate master file that he exhausted. (See affidavits of Sherry Benton and Amy Eldert, attached hereto and incorporated herein as Exhibits A and C). Additionally, his counselors indicate that they did not receive any grievances from the Plaintiff regarding a fire at Stateville Correctional Center and breathing problems that resulted from the fire. (See affidavits of Margaret Thompson, Christine Winick, and James McRaven, attached hereton and incorporated herein as Exhibits E, F, and G).

Consequently, Plaintiff's complaint must be dismissed. Plaintiff did not fully exhaust his other remedies by taking full advantage of the prison's grievance procedure as outlined in 20 Ill. Adm. Code Sec. 504.800 *et seq*. Before asserting his claim or claims against the defendants Plaintiff must have pursued the grievance in a timely fashion pursuant to the proper procedure established for such claims, and pursuant to the holding in *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. April 18, 2002). In the

instant case, Plaintiff failed to do so, Therefore, his complaint must be dismissed pursuant to 42 U.S.C. §1997e.

Consequently, as a matter of law, this case should not be allowed to proceed and the Court should find for the Defendants, granting their Motion for Summary Judgment.

## IV. CONCLUSION

Judgment should be granted in favor of the defendants because Plaintiff did not exhaust his administrative remedies, which under the continuing evolution of case law under the PLRA, including such cases as *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed. 2d 958, (2001), is a prerequisite for filing a federal law suit under §1983. Accordingly, the Defendants respectfully request that the Court enter judgment on their behalf on all issues brought before it in this matter.

Respectfully submitted,

s/Camile Lindsay

| | |
|---|---|
| LISA MADIGAN | CAMILE J. LINDSAY |
| Illinois Attorney General | Assistant Attorney General |
| | General Law Bureau |
| | 100 W. Randolph Street, 13th Floor |
| | Chicago, IL 60601 |
| | 312.814.4329 |