UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE MCGEE, (B-39819), | ) | |
| | ) | No.  08 C 1020 |
| Plaintiff, | ) | |
| | ) | Hon. Charles P. Kocoras |
| v. | ) | Judge Presiding |
| | ) | |
| JOSEPH BURKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## LOCAL RULE 56.1 FILING

NOW COME the Defendants, and pursuant to Local General Rule 56.1, files the following materials referred to in his Rule 56 Motion for Summary Judgment:

## LOCAL RULE 56.1(a)(1) FILING

1. Affidavit of Sherry Benton, Administrative Review Board Chairperson.  Exhibit A.

2. Affidavit of Tammy Garcia, Grievance Officer at Stateville Correctional Center, Exhibit B.

3. Affidavit of Amy Eldert, Record Office Supervisor at Hill Correctional Center. Exhibit C.

4. Affidavit of Lyle Hawkinson, Grievance Officer at Hill Correctional Center, Exhibit D.

5. Affidavit of Margaret Thompson, Correctional Counselor II at Stateville Correctional Center. Exhibit E.

6. Affidavit of James McRaven, Correctional Counselor II at Hill Correctional Center.  Exhibit F.

7. Affidavit of Christine Winick, Correctional Counselor II at Hill Correctional Center. Exhibit G.

**LOCAL RULE 56.1(a)(3)(A) FILING**

1. ANTOINE MCGEE, Plaintiff, is an inmate currently incarcerated by the Illinois Department of Corrections at Hill Correctional Center. At all times material to the allegations made in his complaint, he was incarcerated at Stateville Correctional Center. He brings this action alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment, alleging that the Defendants subjected him to smoke inhalation due to a fire set by Stateville Correctional Officers and that the Defendants were deliberately indifferent to his health and safety.

2. Defendant BURKE was, at the time of the alleged violation, the Deputy Director of the Illinois Department of Corrections. He is being sued because the Plaintiff alleges that he failed to protect the health and safety of the Plaintiff although the Plaintiff notified officials about staff and correctional officers. Defendant Burke denies violating Plaintiffs' constitutional rights.

3. Defendant WILSON was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center. He is being sued because the Plaintiff alleges that he watched the fire burn and failed to control the situation. Defendant Wilson denies violating Plaintiffs' constitutional rights.

4. Defendant DAVIS was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center. He is being sued because the Plaintiff alleges that he watched the fire and encouraged officers to allow the fire to continue. Defendant Davis denies violating Plaintiffs' constitutional rights.

5. Defendant GRANT was, at the time of the alleged violation, a Sargent at Stateville

Correctional Center. He is being sued because the Plaintiff alleges that he started the fire by throwing a lit cigarette into a garbage can and not attempting to put out the ensuing fire. Defendant Grant denies violating Plaintiffs' constitutional rights.

6. Defendant ALLEN was, at the time of the alleged violation, a Correctional Officer at Stateville Correctional Center. He is being sued because the Plaintiff alleges that he failed to stop the fire. Defendant Allen denies violating Plaintiffs' constitutional rights.

7. Defendant GIVENS was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center. He is being sued because the Plaintiff alleges that he sprayed mace into a chuck hold which led to further breathing difficulties for the Plaintiff. Defendant Givens denies violating Plaintiffs' constitutional rights.

8. Defendant BROWN was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center. He is being sued because the Plaintiff alleges that he assisted Defendant Givens in spraying mace into a chuck hold and was non responsive to Plaintiff's request for assistance due to breathing problems. Defendant Brown denies violating Plaintiffs' constitutional rights.

9. Defendant BUCZKOWSKI was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center. He is being sued because the Plaintiff alleges that he failed to stop the fire and was nonresponsive to Plaintiff's request for assistance due to his breathing difficulties. Defendant Buczkowski denies violating Plaintiffs' constitutional rights.

10. Defendant THOMPSON was, at the time of the alleged violation, a Medical Technician at Stateville Correctional Center. He is being sued because the Plaintiff alleges that he failed to respond to Plaintiff's request for medical assistance due to his breathing difficulties.

        Defendant Thompson denies violating Plaintiffs' constitutional rights.

11. Defendant FOXON was, at the time of the alleged violation, a Medical Technician at Stateville Correctional Center. She is being sued because the Plaintiff alleges that she failed to respond to Plaintiff's request for medical assistance due to his breathing difficulties. Defendant Foxon denies violating Plaintiffs' constitutional rights.

12. Defendant SAWYER was, at the time of the alleged violation, a Lieutenant at Stateville Correctional Center. He is being sued because the Plaintiff alleges that he failed to intervene and put the fire out. Defendant Sawyer denies violating Plaintiffs' constitutional rights.

## LOCAL RULE 56.1(a)(3)(B)

1. This complaint is brought under 42 U.S.C. § 1983 and constitutes a federal question thereby invoking the jurisdiction of this Court under 28 U.S.C. § 1343.

2. The allegations contained in the complaint occurred at Stateville Correctional Center, Joliet Illinois, which lies within the venue of the United States District Court for the Northern District of Illinois, Eastern Division.

3. Neither jurisdiction nor venue are contested by the parties.

4. Plaintiff, Antoine McGee was incarcerated within the Illinois Department of Corrections at Stateville Correctional Center in May, 2006. (See Plaintiff's Complaint).

5. Plaintiff was incarcerated within the Illinois Department of Corrections at Hill Correctional Center when he filed his complaint in this matter on or about February 26, 2008. (See Plaintiff's Complaint).

6. The Illinois Department of Corrections has a formal grievance procedure for inmates. (See

Exhibit A, Affidavit of Sherry Benton).

7. A search of the records of the Illinois Department of Corrections Office of Inmate Issues on behalf of the Administrative Review Board has been performed and has located no grievances relative to any incident on or about May 26, 2005 received from Plaintiff. (See Exhibit A, Affidavit of Sherry Benton).

8. A search of the records of the Grievance Office at Stateville Correctional Center has been performed and has located no grievances relative to any incident on or about May 26, 2005 received from Plaintiff. (See Exhibit B, Affidavit of Tammy Garcia).

9. A search of the records of the Grievance Office at Hill Correctional Center has been performed and has located no grievances relative to any incident on or about May 26, 2005 received from Plaintiff. (See Exhibit D, Affidavit of Lyle Hawkinson).

10. A search of Plaintiff's inmate master file, housed at Hill Correctional Center has turned up no grievances related to the incidents underlying the complaint. (See Exhibit C, Affidavit of Amy Eldert).

11. A search of Margaret Thompson's records has located no grievances relative to any incident on or about May 26, 2005 received from Plaintiff. (See Exhibit E, Affidavit of Margaret Thompson).

12. A search of James McRaven's records has located no grievances relative to any incident on or about May 26, 2005 received from Plaintiff. (See Exhibit F, Affidavit of James McRaven).

13. A search of Christine Winick's records has located no grievances relative to any incident on or about May 26, 2005 received from Plaintiff. (See Exhibit G, Affidavit of Christine Winick).

14. Plaintiff failed to exhaust his administrative remedies according to the policy and procedure established by the Illinois Department of Corrections. (See Exhibits A through G).

        Respectfully submitted,

        s/Camile Lindsay
        CAMILE J. LINDSAY
        Assistant Attorney General
        General Law Bureau
        100 W. Randolph Street, 13th Floor
        Chicago, IL 60601
        312.814.4329