# EXHIBIT A

| | |
|---|---|
| **STATE OF ILLINOIS** ) | |
| ) | Antoine McGee B39819 v. Joseph Burke et al. |
| **COUNTY OF SANGAMON** ) | Case No. 08C1020 |

<b><u>AFFIDAVIT</u></b>

**I, Sherry Benton,** being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am a Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections ("the Department") and have held this position since June 15, 2003. Prior to this position I was an Administrative Assistant with the Office of Chief of Staff since August 1, 1999. As an Administrative Review Board ("ARB") Chairperson, my duties involve, among other things, review and respond to grievances filed by Department inmates in the manner set forth herein.

2. Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F: Grievance Procedures for Committed Persons. Generally, an inmate must first attempt to resolve grievances through his counselor. If the grieved issue remains unresolved after such informal efforts, or for example, involves a disciplinary proceeding, the inmate may submit a written grievance on a grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO"). The Grievance Officer may personally interview the inmate and/or other witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's conclusions and if appropriate, recommended relief is forwarded to the CAO. The CAO, or CAO's designee's, decision is then submitted to the grieving inmate.

3. If, after receiving the CAO's decision the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendations to the Director or Director's designee who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in


EXHIBIT A

the ARB's files. Department Rule 504F: Grievance Procedures for Committed Person provides no further means for review beyond this step.

4. Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer. These issues include:

   a. Decisions involving the involuntary administration of psychotropic medication;

   b. Decisions regarding protective custody placement, including continued placement in or release from protective custody;

   c. Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

   d. Other issues except personal property issues which pertain to a facility other than the facility where the inmate is currently assigned.

These grievances are then handled in accordance with the procedures described in paragraph 3 above.

5. An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO rather than to a counselor or grievance officer. If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. An inmate may appeal the CAO's decision in such a situation to the ARB. The appeal is then handled in accordance with the procedure described in paragraph 3 above.

6. The grievance procedure may not be utilized for complaints regarding decisions which are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director.

7.      At the request of the Attorney General's Office, a thorough search of ARB records has been conducted. Department records reflect that Offender Antoine McGee, Register No. B39819, has not filed a grievance to this office regarding a fire that occurred in May of 2005 while at Stateville Correctional Center and/or the breathing problems that resulted from smoke inhalation at Stateville.

8.      Additionally, the thorough search of ARB records reflected that Antoine McGee, Register No. B39819 has only filed two grievances since January 2005. Those grievances pertain to the restoration of his good time and a transfer to Danville Correctional Center.

I have read the foregoing and affirm that the facts contained herein are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

_Sherry Benton_
Sherry Benton

SUBSCRIBED AND SWORN TO
Before me this ___2___ day of June, 2008

_Margaret E. Baugher_
NOTARY PUBLIC

[NOTARY SEAL: OFFICIAL SEAL, MARGARET E. BAUGHER, NOTARY PUBLIC, STATE OF ILLINOIS, MY COMMISSION EXPIRES 8-4-2011]

# EXHIBIT B

STATE OF ILLINOIS )
)
COUNTY OF WILL )

## AFFIDAVIT

I, Tammy Garcia, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am currently employed as a correctional counselor II and grievance officer at Stateville Correctional Center, a level 1 facility within the Illinois Department of Corrections.

2. I have been employed by the Illinois Department of Corrections since 1989. I have been a correctional counselor II since 2005 and have worked as a grievance officer since July 2006.

3. As a grievance officer, it is my responsibility, among other things, to review and respond to grievances from inmates. I investigate grievances and also compile monthly reports.

4. Except in situations that are deemed emergencies by the warden, grievances are given to assigned correctional counselors and are then forwarded to grievance officers. In the event that a situation is deemed an emergency the grievance goes directly to the grievance officer.

4. Since July 2006, I have been responsible for the files in the grievance office. In the event that an inmate has filed a grievance either through a counselor or directly to a grievance officer, a copy of that grievance would be contained in the grievance office.

5. There are no grievances from Antoine McGee from 2005 through the end of 2007.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

OFFICIAL SEAL
KATHY A SANDLIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPI...

_Kathy A. Sandlin_
Subscribed and sworn to before me
this 6th day of June, 2008.

_Tammy Garcia_
Tammy Garcia


EXHIBIT B

# EXHIBIT C

STATE OF ILLINOIS      )
                       )
COUNTY OF KNOX         )

## AFFIDAVIT

I, Amy Eldert, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am currently employed as the Record Office Supervisor at Hill Correctional Center, a level 2 facility within the Illinois Department of Corrections.

2. I have been employed as the Record Office Supervisor since February 15, 2007.

3. As Record Office Supervisor it is my responsibility, among other things, to ensure the maintenance and accuracy of inmate master files for inmates housed at Hill Correctional Center.

4. An inmate's master file contains all documents relating to that inmate. These documents include documents from every institution in which the inmate has been housed during his incarceration.

5. The documents in an inmate's master file include copies of all grievances.

6. At the request of the Office of the Attorney General, I searched the master file of Inmate Antoine McGee, # B-39819, for any grievances filed by him at Stateville or Hill Correctional Center complaining about a fire that occurred while at Stateville and/or the breathing problems that resulted from his smoke inhalation. No such grievances were located.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

_____
Amy Eldert

Subscribed and sworn to before me
this ___ day of May, 2008.

_____
Notary Public

"OFFICIAL SEAL"
JEFFREY O. SUTOR
Notary Public, State of Illinois
My Commission Exp. 09/28/2008


EXHIBIT C

# EXHIBIT D

STATE OF ILLINOIS      )
                       )
COUNTY OF KNOX         )
                       )

### AFFIDAVIT

I, Lyle Hawkinson, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am currently employed as a correctional leisure activity specialist and am assigned as a grievance officer, at Hill Correctional Center, a level 2 facility within the Illinois Department of Corrections.

2. I have been employed by the Illinois Department of Corrections since October 1999. I have been assigned as a grievance officer since 2004.

3. As a grievance officer, it is my responsibility, among other things, to track grievances from the time they are submitted to my office until they are returned to the inmates. I also compile statistical reports.

4. Since 2004, I have been responsible for the files in the grievance office. In the event that an inmate files a grievance either through a counselor or directly to a grievance officer, a copy of that grievance is maintained in the grievance office for one year. The original is permanently filed in the inmate's master file and a copy of the grievance accompanied by a copy of the decision is given to the inmate.

5. Currently, there are no copies of grievances for Antoine McGee in the grievance office at Hill Correctional Center.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

_____
Lyle Hawkinson

Subscribed and sworn to before me
this 20th day of June, 2008.

_____
Notary Public

"OFFICIAL SEAL"
JEFFREY O. SUTOR
Notary Public, State of Illinois
My Commission Exp. 09/28/2008

EXHIBIT
D

# EXHIBIT E

STATE OF ILLINOIS )
)
COUNTY OF WILL )

## AFFIDAVIT

I, Margaret Thompson, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am currently employed as field service representative and correctional counselor II at Stateville Correctional Center, a level 1 facility within the Illinois Department of Corrections.

2. I have been employed by the Illinois Department of Corrections since June 2, 1992. I have been a correctional counselor II since 1996.

3. As a correctional counselor II, it is my responsibility to provide counseling and guidance services to residents of a correctional facility. I provide individual and group counseling and guidance for residents exhibiting complex personal problems or difficulty in adjustment and growth in areas of social, emotional, education, vocational and health planning. I also counsel residents on pre-parole, pre-release, conditional release or work release for reintegration into the community.

4. If an inmate has an incident, problem or complaint, the assigned counselor is given the grievance prior to the grievance going to a grievance officer.

5. I was Antoine McGee's counselor between May 2005 and July 2005.

6. I do not recall receiving a grievance from Antoine McGee.

7. If Antoine McGee had given me a grievance, I would have dated that grievance, attempted to answer the grievance and then either forwarded the grievance to the grievance officer or returned the grievance to the inmate.

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

_Margaret Thompson_
Margaret Thompson

Subscribed and sworn to before me
this ___ day of June, 2008.

_Jill E. Hamilton_
Notary Public

"OFFICIAL SEAL"
JILL E. HOSSELTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/16/09

EXHIBIT E

# EXHIBIT F

STATE OF ILLINOIS            )
                             )
COUNTY OF KNOX               )

## AFFIDAVIT

I, James McRaven, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am currently employed as a correctional counselor II at Hill Correctional Center, a level 2 facility within the Illinois Department of Corrections.

2. I have been employed by the Illinois Department of Corrections since 1987. I became a correctional counselor I in 1988 and I have been a correctional counselor II since 1989.

3. As a correctional counselor II, it is my responsibility to provide counseling and guidance services to residents of a correctional facility. I provide individual and group counseling and guidance for residents exhibiting complex personal problems or difficulty in adjustment and growth in areas of social, emotional, education, vocational and health planning. I also counsel residents on pre-parole, pre-release, conditional release or work release for reintegration into the community.

4. If an inmate has an incident, problem or complaint, the assigned counselor is given the grievance prior to the grievance going to a grievance officer.

5. I am currently Antoine McGee's counselor, and have been his counselor on four separate occasions including June 2005, November 2005 through March 2007, July 2007 through March 2008 and May 2008 to the present.

6. While I was Antoine McGee's counselor I received four grievances. None of those grievances related to a fire at Stateville Correctional Center or to breathing problems experienced by Antoine McGee as a result of a fire at Stateville Correctional Center.

7. I am currently in receipt of Antoine McGee's counseling file and there are no grievances, related to a fire at Stateville Correctional Center or to the breathing problems experienced by Antoine Mcgee as a result of a fire at Stateville Correctional Center, included in the file.



EXHIBIT F

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

_____
James McRaven

Subscribed and sworn to before me this _18th_ day of June, 2008.

_____
Notary Public

"OFFICIAL SEAL"
JEFFREY O. SUTOR
Notary Public, State of Illinois
My Commission Exp. 09/28/2008

# EXHIBIT G

STATE OF ILLINOIS    )
                     )
COUNTY OF KNOX

## **AFFIDAVIT**

I, Christine Winick, having first been duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am currently employed as a correctional counselor II at Hill Correctional Center, a level 2 facility within the Illinois Department of Corrections.

2. I have been employed by the Illinois Department of Corrections since May 1, 1989. I have been a correctional counselor II since May 1, 1989.

3. As a correctional counselor II, it is my responsibility to provide counseling and guidance services to residents of a correctional facility. I provide individual and group counseling and guidance for residents exhibiting complex personal problems or difficulty in adjustment and growth in areas of social, emotional, education, vocational and health planning. I also counsel residents on pre-parole, pre-release, conditional release or work release for reintegration into the community.

4. If an inmate has an incident, problem or complaint, the assigned counselor is given the grievance prior to the grievance going to a grievance officer.

5. I was Antoine McGee's counselor between March 21, 2007 and April 30, 2007.

6. I did not receive any grievances from Antoine McGee during my time as his correctional counselor.

7. If Antoine McGee had given me a grievance, I would have responded to the grievance and then returned it to Mr. McGee or I would have forwarded the grievance to the institutional inquiry board.

8. In any event I would not have retained a copy of the grievance.

9. I am not in possession of any grievance for Antoine McGee.



EXHIBIT G

I have read the foregoing paragraphs and they are true and correct to the best of my knowledge and belief.

*[signature]*

Christine Winick

Subscribed and sworn to before me this /8th day of June, 2008.

*[signature]*
Notary Public

"OFFICIAL SEAL"
JEFFREY O. SUTOR
Notary Public, State of Illinois
My Commission Exp. 09/28/2008