IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE MCGEE  B39819 | ) | |
| | ) | |
| Plaintiff, | ) | No.08 C 1020 |
| | ) | |
| v. | ) | Honorable Charles P. Kocoras |
| | ) | Judge Presiding |
| JOSEPH BURKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGEMENT**

NOW COME the Defendants, JOSEPH BURKE, MARK WILSON, ANTHONY DAVIS, MICHAEL GRANT, JERLIN ALLEN, BRIAN GIVENS, WILLIAM BROWN, MICHAEL BUCZKOWSKI, SANDY THOMPSON, WENDY FOXON and JEFF SAWYER, by and through their attorney, LISA MADIGAN, Illinois Attorney General, and submit the following in support of their Federal Rule of Civil Procedure Rule 56 Motion for Summary Judgement:

**A.    Plaintiff Makes no Response to Defendants' Local Rule 56.1 Statement, and Consequently, all Facts are Deemed Admitted.**

Pursuant to Local Rule 56.1, when a party files a motion for summary judgment, each party must prepare a statement of material facts and each party is required to respond to the opposing party's statement of material facts and either admit or deny each fact.  A denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence. *Dent v. Bestfoods,* 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000).  This local rule and its application have been developed to further the idea that in order to defeat a motion for summary judgment, a plaintiff must be able to point to some evidence that would be admissible at trial which a reasonable jury could rely

upon in finding for the non-movant. *Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The Courts have held that acting pro se is no excuse for not complying with the rule. *Id.* at *4. Citing *Greer v. Board of Educ. Of the City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001), *see also Nwoke v. Countrywide Home Loans, Inc*. 2007 U.S. Dist. LEXIS 36201 (Charles R. Norgle, 2007). In the case at hand, Plaintiff was ordered to respond to Defendant's motion for summary judgement on or before July 28, 2008. Likewise Defendants were given until August 4, 2008 to reply to Plaintiff's response. However, Plaintiff has not filed a response to Defendant's motion for summary judgement.

Other District Courts within the Seventh Circuit have held in cases of disregard for the requirements of the rules that even when only a portion of a Rule 56.1 response is deficient, that the partial deficiency was enough to strike the response in its entirety. *Eagle Compressors, Inc. v. HEC Liquidating Corp*. 2003 U.S. Dist. LEXIS 2966 at *5 (Judge Kocoras, N.D. Ill, February 28, 2003):

> "We have emphasized the importance of local rules and 'have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.' *Bordelon v. Chicago Sch. Reform Bd. Of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (upholding the district court's decision to strike response in its entirety rather than selectively due to failure to comply with the local rules).
>
> *Id. citing Metropolitan Life Ins. V. Johnson,* 297 F.3d 558, 562 (7th Cir. 2002).

This Court applied such reasoning in deeming all Rule 56.1 statements admitted for failure to respond in *Dixon v. Illinois State Board of Education*, 2005 U.S. Dist. LEXIS 22593, at *2, (Judge Charles R. Norgle, September 25, 2005). In *Dixon*, the court cited *Malec* in holding, "Failure to respond properly (or at all) to the moving party's 56.1 statement has dire consequences.

'Essentially, the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant... because the movant's factual allegations are deemed admitted.'" *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

The Plaintiff in the present case filed no response to Defendants' Rule 56.1 statement of facts. The court should exercise its discretion as it did in *Dixon*, and hold Plaintiff to the standard all litigants are held to, deeming Defendant's statements of fact admitted. Once they have been deemed admitted, the Court must grant Judgment to the Defendants on all claims.

B.     **Reply to Plaintiff's Response Memorandum**

Plaintiff failed to respond to Defendants' Motion for Summary Judgment. Plaintiff was required to file a response to Defendants' Motion for Summary Judgement on or before July 28, 2008. As of August 4, 2008, Plaintiff has failed to submit a response to Defendants' Motion for Summary Judgement. As such Defendants rest on the arguments set forth in their Motion for Summary Judgement.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Plaintiff's Motion for Summary Judgement be granted.

LISA MADIGAN                                              Respectfully submitted,
Attorney General of Illinois

                              By:     s/Camile Lindsay
                                      CAMILE J. LINDSAY
                                      Assistant Attorney General
                                      Office of the Attorney General
                                      100 W. Randolph Str., 13th Floor
                                      Chicago, Illinois  60601
                                      (312) 814-4329